**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YIFAN WANG,<br><br>          Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No. 20-72539<br><br>Agency No. A087-881-468<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, McKEOWN, Circuit Judge, and RESTANI,***
Judge.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Petitioner Yifan Wang, a citizen of the People's Republic of China, petitions for review of a Board of Immigration Appeals ("BIA") order affirming an immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings supporting the BIA's dismissal of an applicant's request for asylum, withholding of removal, and relief under the CAT. *Madrigal v. Holder,* 716 F.3d 499, 503 (9th Cir. 2013) (internal citations omitted). We review adverse credibility determinations for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal citation omitted). We consider "the totality of the circumstances" when assessing adverse credibility determinations under the REAL ID Act. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). We deny the petition.

Because the parties are familiar with the facts and decisions below, we do not recount them here. Substantial evidence supports an adverse credibility determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1681 (2021) (internal quotation marks omitted). We are not so compelled. Considering all of Petitioner's individual circumstances, the BIA reasonably inferred that his testimony included more than one implausibility and was not credible. *See Shrestha*, 590 F.3d at 1041

(stating credibility determinations under the REAL ID Act must be reasonable given the applicant's individual circumstances).

The BIA did not err in concluding that Petitioner failed to meet his burdens to establish eligibility for asylum and withholding of removal. Petitioner has not established that he is a refugee through past persecution or a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b) (asylum eligibility); *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (stating that when Petitioners fail to establish eligibility for asylum, they necessarily fail to meet the greater eligibility burden for withholding of removal). Petitioner has failed to establish a well-founded fear of future persecution on religious grounds because the IJ's adverse credibility determination is supported by substantial evidence.

The BIA did not err in concluding that Petitioner did not qualify for protection under CAT. Absent credible testimony, the record alone does not compel the conclusion that Petitioner himself is "more likely than not" to face torture if returned to China. 8 C.F.R. § 1208.16(c)(2); *see Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

**PETTION FOR REVIEW DENIED.**